■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CELESTYN STRZEP, Appellant. — Order reversed on the law and facts and matter remitted to the Erie Special Term for a new hearing. Memorandum: After a hearing the Trial Justice dismissed defendant's application for a writ of error coram nobis. The question involved was whether, in a criminal proceeding which resulted in his conviction in 1928, the defendant was properly advised of his

right to counsel. The defendant testified that he had not been so advised and his credibility as to that point was in issue. It appears from the record that before deciding the issue of fact presented, the Trial Justice may have examined a probation report prepared for and submitted to the sentencing Judge upon a 1936 conviction against this same defendant. At least we cannot say from the record that such examination was not made. The inference is that it was. This probation report was not offered in evidence nor made a part of the record. Furthermore, if the Trial Justice was to examine this report, prior notice should have been given to the defendant with an opportunity to object to this highly questionable document. The record should be made clear as to whether it was considered or not. Upon the argument of the appeal there was handed up to the court by the appellant, without objection by the People, an affidavit of Hon. SAMUEL J. HARRIS, the sentencing Justice, which indicated that the defendant was not represented by counsel at the time of sentence. This was not before the Trial Justice. In view of the fact that this case presents a close question of fact, we feel that there should be a new hearing at which Justice HARRIS could be produced by either party and his testimony taken. All concur. (Appeal from an order of Erie Special Term, denying defendant's motion in nature of writ of error *coram nobis* to set aside conviction of burglary third degree, rendered September 11, 1928.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.